FILED
FEB 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PENSION BENEFIT GUARANTY )
CORPORATION )
1200 K Street, N.W. )
Washington, DC 20005 )
 )
 )
        Plaintiff, )
 )
        v. )
 )
LA SALLE BANK N.A. )
135 S. LaSalle Street )
Chicago, IL 60603 )
 )
CITIMORTGAGE, INC. )
c/o CT Corporation System (reg. agent) )
1025 Vermont Ave. N.W. )
Washington, D.C. 20005 )
 )
INDEPENDENCE ONE )
MORTGAGE CORPORATION )
CT Corporation System (reg. agent) )
1025 Vermont Ave. N.W. )
Washington, D.C. 20005 )
 )
LASALLE BUSINESS CREDIT, LLC )
135 S. LaSalle Street )
Chicago, IL 60603 )
 )
STANDARD FINANCIAL CORP. )
c/o Edward H. Kaplan (reg. agent) )
1000 Conn. Ave. N.W., Ste. 1110 )
Washington, D.C. 20036 )
 )
        Defendants. )

Case: 1:08-cv-00271
Assigned To : Sullivan, Emmet G.
Assign. Date : 2/19/2008
Description: Labor-ERISA

**COMPLAINT**

## Preliminary Statement

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 & Supp. V 2005). Plaintiff Pension Benefit Guaranty Corporation ("PBGC") brings this action to collect the statutory liability arising under 29 U.S.C. § 1362(a), (b) as a result of the termination of the Arkansas General Industries, Inc. Hourly-Wage Employees Group Pension Plan (the "Plan").

## Jurisdiction and Venue

2. This Court has jurisdiction over this action, without regard to the amount in controversy, under 28 U.S.C. § 1331 and under 29 U.S.C. § 1303(e)(3).

3. Venue properly lies in this Court under 29 U.S.C. § 1303(e)(2).

## Parties

4. Plaintiff PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program established by Title IV of ERISA.

5. Defendant LaSalle Bank N.A. is a national banking association that holds itself out as having a regional lending office in Washington, D.C., and solicits business in Washington, D.C.

6. Defendant Citimortgage, Inc. is a corporation organized under the laws of New York and/or Delaware, which maintains an active registration with the District of Columbia as a foreign regular business corporation and has two offices in the District of Columbia.

7. Defendant Independence One Mortgage Corporation ("Independence One") is a corporation organized under the laws of Michigan and maintains an active registration with the District of Columbia as a foreign regular business corporation.

8. Defendant LaSalle Business Credit, LLC, formerly known as LaSalle Business Credit, Inc. ("LaSalle Business"), is a Delaware limited liability company that holds itself out as having an office in Washington, D.C.

9. Defendant Standard Financial Corp. ("Standard") is a corporation organized under the laws of the District of Columbia, where it maintains an active registration.

The Plan

10. Effective January 1, 1972, Arkansas General Industries, Inc., now known as AGI Oldco, Inc. ("AGI"), or its predecessor, established the Plan to provide retirement benefits to certain of its employees.

11. At all relevant times, AGI was the administrator and contributing sponsor of the Plan, within the meaning of 29 U.S.C. § 1301(a)(1), (13).

12. At all relevant times, the Plan has been a single-employer plan within the meaning of 29 U.S.C. § 1301(a)(15), and has been covered by the pension plan termination insurance program established under Title IV of ERISA, see 29 U.S.C. § 1321(a).

13. By Order of the United States District Court for the Eastern District of Arkansas, dated September 29, 2003, the Plan was terminated under 29 U.S.C. § 1342(c), with a termination date of February 19, 2002, and PBGC was appointed trustee of the Plan.

### Controlled Group of Corporations

14. When a pension plan terminates under 29 U.S.C. § 1342, the plan's contributing sponsor and each member of its "controlled group," as of the plan's termination date, are jointly and severally liable under 29 U.S.C. § 1362(b) ("Employer Liability"). 29 U.S.C. § 1362(a).

15. Persons are in a controlled group together for purposes of Employer Liability if they are in the same "controlled group of corporations" as defined in regulations under section 414(b) of the Internal Revenue Code of 1986 ("I.R.C."). 29 U.S.C. § 1301(a)(14); 29 C.F.R. § 4001.3(b).

16. The regulations under I.R.C. § 414(b) provide that, with some exceptions that do not apply in this case, the term "controlled group of corporations" has the same meaning as it does under I.R.C. § 1563(a). 26 C.F.R. § 1.414(b)-1(a).

17. Under I.R.C. § 1563(a), a "controlled group of corporations" includes one or more chains of corporations connected through stock ownership with a common parent corporation if stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote of each of the corporations, except for the common parent corporation, is owned by one or more of the other corporations; and the common parent corporation owns stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote of at least one of the other corporations.

### Ownership of AGI's Stock

18. From no later than August 30, 1996, until February 20, 2001, all of AGI's stock was owned by General Industries, Inc. ("GII"), which was owned by James Surles, Eli S. Jacobs, and Todd Stimmel ("GII Owners").

4

19. Defendant LaSalle Bank N.A. became a secured creditor of AGI by financing its 1996 reorganization in bankruptcy.

20. By mid-2000, AGI was in default of its loan from LaSalle Bank N.A.

21. In mid-2000, LaSalle Bank N.A. retained the law firm of Schwartz Cooper Greenberger Krauss Chartered ("SCGK") to represent it in matters relating to AGI.

22. Subsequently, SCGK learned that the GII Owners would agree to a transfer of AGI's stock to a party acceptable to LaSalle Bank N.A., if the latter would release the GII Owners from liability.

23. On February 20, 2001, GII transferred legal title to 100% of AGI's stock to Iowa County Wisconsin Corp. ("ICWC"), which was owned by an SCGK partner, Robert Dunn Glick.

24. On February 20, 2001, in exchange for the transfer to ICWC, LaSalle Bank N.A. executed a release of the GII Owners from all liability relating to the financing of AGI.

25. No party other than LaSalle Bank N.A. made any promise or performance in exchange for the transfer of AGI's stock to ICWC.

26. By providing the consideration for the transfer to ICWC, LaSalle Bank N.A. became the beneficial owner of the AGI stock under a resulting trust.

27. Alternatively, or in addition, to the immediately preceding paragraph, ICWC took legal title to the AGI stock as a mere nominee, and LaSalle Bank N.A. became the beneficial owner of the AGI stock.

28. For the purpose of determining membership in a controlled group, ownership of stock means beneficial ownership of stock.

29. For the purpose of determining membership in a controlled group, on February 19, 2002, LaSalle Bank N.A. owned 100% of the voting stock of AGI.

### AGI's Controlled Group

30. On February 19, 2002, LaSalle Bank N.A. owned 100% of the voting stock of Defendant LaSalle Business.

31. On February 19, 2002, LaSalle Bank Corporation owned 90% of the voting stock of LaSalle Bank N.A., and 100% of the voting stock of LaSalle Bank Midwest N.A. ("LaSalle Midwest").

32. On February 19, 2002, LaSalle Midwest owned 100% of the voting stock of ABN AMRO Mortgage Group, Inc. ("Mortgage Group"), and 100% of the voting stock of Defendants Independence One and Standard.

33. As of February 19, 2002, Defendants LaSalle Bank N.A., LaSalle Business, Independence One, and Standard, along with the Mortgage Group and sixty-five other corporations, were in a controlled group with AGI ("AGI Controlled Group"). See 29 U.S.C. § 1301(a)(14)(A), (B); 29 C.F.R. § 4001.3(b); 26 C.F.R. § 1.414(b)-1(a); 26 U.S.C. § 1563; 26 C.F.R. § 1.414(c)-2.

34. Effective September 1, 2007, the Mortgage Group was merged into Defendant Citimortgage, Inc.

35. Because the Mortgage Group has ceased to exist by reason of merger, Citimortgage, Inc. is treated as the Mortgage Group for the purpose of Employer Liability. See 29 U.S.C. § 1369(b).

36. The members of the AGI Controlled Group, including successors in interest thereof such as Citimortgage, Inc., are jointly and severally for the Employer Liability for the Plan. *See* 29 U.S.C. § 1362(a).

### Amount of Employer Liability for the Plan

37. The amount of Employer Liability is the total amount of a plan's unfunded benefit liabilities as of the termination date, together with interest calculated from the termination date under regulations prescribed by PBGC. *See* 29 U.S.C. § 1362(b).

38. On February 19, 2002, the value of benefit liabilities under the Plan, determined on the basis of assumptions prescribed by PBGC for purposes of 29 U.S.C. § 1344, was $9,648,224. *See* 29 U.S.C. § 1301(a)(18)(A).

39. On February 19, 2002, the value of Plan assets was $8,909,655.

40. On February 19, 2002, the amount of the Plan's unfunded benefit liabilities was $738,569. *See* 29 U.S.C. § 1301(a)(18).

41. Under regulations prescribed by PBGC, interest on the Employer Liability is compounded daily and accrues at the rate prescribed in section 6601(a) of the Internal Revenue Code. *See* 29 C.F.R. § 4062.7(a), (c).

42. Through January 31, 2008, interest in the amount of $325,619.64 has accrued on the Employer Liability for the Plan.

43. The members of the AGI Controlled Group, including the Defendants, are jointly and severally for Employer Liability of $1,064,188.64 as of January 31, 2008, plus interest as it continues to accrue at the applicable rate.

44. To date, no part of the Employer Liability for the Plan has been paid.

## Relief Requested

WHEREFORE, Plaintiff requests the following relief:

1. Judgment in its favor against all Defendants, jointly and severally, in the amount of $1,064,188.64, plus interest thereon from February 1, 2008, through the date of judgment, calculated in accordance with 29 C.F.R. § 4062.7(a), (c);

2. An award of its costs of litigation, pursuant to 29 U.S.C. § 1303(e)(5); and

3. Such other relief as may be just and proper.

Respectfully submitted,

Dated: February 19, 2008

*Merrill Boone*
ISRAEL GOLDOWITZ
Chief Counsel, D.C. Bar No. 291120
KAREN L. MORRIS
Deputy Chief Counsel, D.C. Bar No. 419786
STEPHANIE L. THOMAS
Assistant Chief Counsel, D.C. Bar No. 440205
MERRILL D. BOONE
Attorney, D.C. Bar No. 431428

PENSION BENEFIT GUARANTY
  CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC 20005-4026
Tel. No. (202) 326-4020, ext. 3656
Fax No. (202) 326-4112
Boone.Merrill@pbgc.gov & efile@pbgc.gov

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Pension Benefit Guaranty Corporation
U.S. Government Agency

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005
Merrill Boone, Esquire      202-326-4020, ext. 3656

## DEFENDANTS

LA SALLE BANK N.A., et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Cook County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00271
Assigned To : Sullivan, Emmet G.
Assign. Date : 2/19/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ● K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. § 1362(a), (b) as a result of the termination of the Arkansas General Industries, Inc. Hourly-Wage Employees Group Pension Plan.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ $1,064,188.64  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/19/08  SIGNATURE OF ATTORNEY OF RECORD  *Merrill Boone*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.