**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case: 1:08-cv-00271 ) |
| LA SALLE BANK N.A., | ) ) |
| LASALLE BUSINESS CREDIT, LLC, | ) ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Preliminary Statement

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 & Supp. V 2005).  Plaintiff Pension Benefit Guaranty Corporation ("PBGC") brings this action to collect the statutory liability arising under 29 U.S.C. § 1362(a), (b) as a result of the termination of the Arkansas General Industries, Inc. Hourly-Wage Employees Group Pension Plan (the "Plan").

Jurisdiction and Venue

2. This Court has jurisdiction over this action, without regard to the amount in controversy, under 28 U.S.C. § 1331 and under 29 U.S.C. § 1303(e)(3).

3. Venue properly lies in this Court under 29 U.S.C. § 1303(e)(2).

## Parties

4.  Plaintiff PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program established by Title IV of ERISA.

5.  Defendant LaSalle Bank N.A. is a national banking association that holds itself out as having a regional lending office in Washington, D.C., and solicits business in Washington, D.C.

6.  Defendant LaSalle Business Credit, LLC, formerly known as LaSalle Business Credit, Inc. ("LaSalle Business"), is a Delaware limited liability company that holds itself out as having an office in Washington, D.C., and on information and belief, solicits business in Washington, D.C.

## The Plan

7.  Effective January 1, 1972, Arkansas General Industries, Inc., now known as AGI Oldco, Inc. ("AGI"), or its predecessor, established the Plan to provide retirement benefits to certain of its employees.

8.  At all relevant times, AGI was the administrator and contributing sponsor of the Plan, within the meaning of 29 U.S.C. § 1301(a)(1), (13).

9.  At all relevant times, the Plan has been a single-employer plan within the meaning of 29 U.S.C. § 1301(a)(15), and has been covered by the pension plan termination insurance program established under Title IV of ERISA, *see* 29 U.S.C. § 1321(a).

10. By Order of the United States District Court for the Eastern District of Arkansas, dated September 29, 2003, the Plan was terminated under 29 U.S.C. § 1342(c), with a termination date of February 19, 2002, and PBGC was appointed trustee of the Plan.

<u>Controlled Group of Corporations</u>

11. When a pension plan terminates under 29 U.S.C. § 1342, the plan's contributing sponsor and each member of its "controlled group," as of the plan's termination date, are jointly and severally liable under 29 U.S.C. § 1362(b) ("Employer Liability"). 29 U.S.C. § 1362(a).

12. Persons are in a controlled group together for purposes of Employer Liability if they are in the same "controlled group of corporations" as defined in regulations under section 414(b) of the Internal Revenue Code of 1986 ("I.R.C."). 29 U.S.C. § 1301(a)(14); 29 C.F.R. § 4001.3(b).

13. The regulations under I.R.C. § 414(b) provide that, with some exceptions that do not apply in this case, the term "controlled group of corporations" has the same meaning as it does under I.R.C. § 1563(a). 26 C.F.R. § 1.414(b)-1(a).

14. Under I.R.C. § 1563(a), a "controlled group of corporations" includes one or more chains of corporations connected through stock ownership with a common parent corporation if stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote of each of the corporations, except for the common parent corporation, is owned by one or more of the other corporations; and the common parent corporation owns stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote of at least one of the other corporations.

15. Under I.R.C. § 1563(a), stock is owned by a corporation that owns the stock directly or has an option to acquire it. 26 U.S.C. § 1563(d)(1), (e)(1).

Ownership of AGI's Stock

16. From no later than August 30, 1996, until February 20, 2001, all of AGI's stock was owned by General Industries, Inc. ("GII"), which was owned by James Surles, Eli S. Jacobs, and Todd Stimmel ("GII Owners").

17. Defendant LaSalle Bank N.A. became a secured creditor of AGI by financing its 1996 reorganization in bankruptcy.

18. By mid-2000, AGI was in default of its loan from LaSalle Bank N.A.

19. In mid-2000, LaSalle Bank N.A. retained the law firm of Schwartz Cooper Greenberger Krauss Chartered ("SCGK") to represent it in matters relating to AGI.

20. Mr. Stimmel represented GII and the GII Owners in negotiations with LaSalle Bank N.A. in 2000-01.

21. GII and the GII Owners offered to transfer AGI's stock to a party acceptable to LaSalle Bank N.A., if the latter would release the GII Owners from liability.

22. On February 20, 2001, LaSalle Bank N.A., GII, and the GII Owners executed a release ("Release") under which LaSalle Bank N.A. released the GII Owners from all liability relating to the financing of AGI; and GII and the GII Owners released LaSalle Bank N.A. from all liability relating to the financing of AGI.

23. The Release recited that "at the request of LaSalle," GII is assigning all of AGI's stock to Iowa County Wisconsin Corp. ("ICWC").

24. Also on February 20, 2001, LaSalle Bank N.A. executed a letter promising, "[i]n connection with . . . the transfer by GII of all of the outstanding capital stock of [AGI] to [ICWC]," to provide GII with all information needed to prepare its tax returns, or cause AGI to provide that information; and to cause AGI to reimburse the GII Owners for certain expenses.

25. Also on February 20, 2001, GII executed an Assignment and a Stock Power, transferring legal title to 100% of AGI's stock to ICWC, which was controlled by an SCGK partner, Robert Dunn Glick.

26. The release of the GII Owners by LaSalle Bank N.A., and the promise of LaSalle Bank N.A. to provide or cause AGI to provide information needed for GII's tax returns, and to cause AGI to reimburse the GII Owners for certain expenses, were consideration for the transfer of AGI's stock to ICWC.

27. No party other than LaSalle Bank N.A. provided any consideration or any value for the transfer of AGI's stock to ICWC, or for any subsequent transfers of the stock.

28. When legal title to property is tranferred to one party, but another party provides the valuable consideration for the transfer of the property, the property is presumed to be held in a resulting trust for the benefit of the party providing the consideration.

29. Since February 20, 2001, 100% of AGI's stock has been held in a resulting trust for the benefit of LaSalle Bank N.A.

30. As the beneficiary of the resulting trust to which 100% of AGI's stock is subject, since February 20, 2001, LaSalle Bank N.A. has been the beneficial owner of 100% of AGI's stock.

31. Alternatively, or in addition, to LaSalle Bank N.A. being the beneficiary of a resulting trust, LaSalle Bank N.A. became the beneficial owner of 100% of AGI's stock because ICWC and its successors took legal title to AGI's stock as mere nominees.

32. Stock is "owned directly," within the meaning of I.R.C. § 1563(d)(1)(A), when it is owned beneficially.

33. Since February 20, 2001, 100% of AGI's stock has been "owned directly" by LaSalle Bank N.A.

34. Alternatively to 100% of AGI's stock having been "owned directly" by LaSalle Bank N.A., since February 20, 2001, LaSalle Bank N.A. has had an option to acquire such stock, as the beneficiary of the resulting trust to which the stock is subject.

35. For the purpose of determining membership in a controlled group, on February 19, 2002, LaSalle Bank N.A. owned 100% of the voting stock of AGI.

AGI's Controlled Group

36. On February 19, 2002, LaSalle Bank N.A. owned 100% of the voting stock of Defendant LaSalle Business.

37. As of February 19, 2002, Defendants LaSalle Bank N.A. and LaSalle Business, along with sixty-eight other corporations, were in a controlled group with AGI ("AGI Controlled Group"). *See* 29 U.S.C. § 1301(a)(14)(A), (B); 29 C.F.R. § 4001.3(b); 26 C.F.R. § 1.414(b)-1(a); 26 U.S.C. § 1563; 26 C.F.R. § 1.414(c)-2.

38. The members of the AGI Controlled Group are jointly and severally for the Employer Liability for the Plan. *See* 29 U.S.C. § 1362(a).

Amount of Employer Liability for the Plan

39. The amount of Employer Liability is the total amount of a plan's unfunded benefit liabilities as of the termination date, together with interest calculated from the termination date under regulations prescribed by PBGC. *See* 29 U.S.C. § 1362(b).

40. On February 19, 2002, the value of benefit liabilities under the Plan, determined on the basis of assumptions prescribed by PBGC for purposes of 29 U.S.C. § 1344, was $9,648,224. *See* 29 U.S.C. § 1301(a)(18)(A).

41. On February 19, 2002, the value of Plan assets was $8,909,655.

42. On February 19, 2002, the amount of the Plan's unfunded benefit liabilities was $738,569. *See* 29 U.S.C. § 1301(a)(18).

43. Under regulations prescribed by PBGC, interest on the Employer Liability is compounded daily and accrues at the rate prescribed in section 6601(a) of the Internal Revenue Code. *See* 29 C.F.R. § 4062.7(a), (c).

44. Through January 31, 2008, interest in the amount of $325,619.64 has accrued on the Employer Liability for the Plan.

45. The members of the AGI Controlled Group, including the Defendants, are jointly and severally for Employer Liability of $1,064,188.64 as of January 31, 2008, plus interest as it continues to accrue at the applicable rate.

46. To date, no part of the Employer Liability for the Plan has been paid.

Relief Requested

WHEREFORE, Plaintiff requests the following relief:

1. Judgment in its favor against both Defendants, jointly and severally, in the amount of $1,064,188.64, plus interest thereon from February 1, 2008, through the date of judgment, calculated in accordance with 29 C.F.R. § 4062.7(a), (c);

2. An award of its costs of litigation, pursuant to 29 U.S.C. § 1303(e)(5); and

3. Such other relief as may be just and proper.

Respectfully submitted,

Dated: May 6, 2008

/s/ Merrill D. Boone
ISRAEL GOLDOWITZ
Chief Counsel, D.C. Bar No. 291120
KAREN L. MORRIS
Deputy Chief Counsel, D.C. Bar No. 419786
STEPHANIE L. THOMAS
Assistant Chief Counsel, D.C. Bar No. 440205
MERRILL D. BOONE
Attorney, D.C. Bar No. 431428

PENSION BENEFIT GUARANTY
 CORPORATION
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC 20005-4026
Tel. No. (202) 326-4020, ext. 3656
Fax No. (202) 326-4112
Emails: boone.merrill@pbgc.gov & efile@pbgc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case: 1:08-cv-00271 ) |
| LA SALLE BANK N.A., | ) ) |
| LASALLE BUSINESS CREDIT, LLC, | ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I certify that 1) Pension Benefit Guaranty Corporation ("PBGC"), the Plaintiff in the above-captioned action, contracted with a business named Court Support Services for the latter to make personal service of the First Amended Complaint, along with the Summonses and original Complaint, on agents for each of the five Defendants named in the original Complaint; 2) to date, PBGC has not received proof of service from the process server(s); 3) according to its website, www.court-support-services.com, Court Support Services has ceased operations; but 4) based on my conversations with the two attorneys for Defendants listed below, and a PBGC paralegal who communicated with Court Support Services, it appears that on May 9, 2008, each of the following persons was served personally with the appropriate number of copies of the First Amended Complaint:

James P. McElligott, Jr.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Attorney and Agent for Service of Process for Defendants
LA SALLE BANK N.A. and LASALLE BUSINESS CREDIT, LLC

CT Corporation System
1025 Vermont Ave. N.W.
Washington, D.C. 20005
Registered Agent for Defendants
CITIMORTGAGE, INC and INDEPENDENCE ONE MORTGAGE CORPORATION

C. Richard Beyda, Esq.
Grossberg Yochelson Fox Beyda
2000 L St NW, Ste 675
Washington, D.C. 20036
Attorney and Agent for Service of Process for Defendant
STANDARD FINANCIAL CORP.


Dated:  May 23, 2008         /s/ Merrill D. Boone
                             Merrill D. Boone, Attorney
                             Office of the Chief Counsel
                             Pension Benefit Guaranty Corp.
                             1200 K St., N.W.
                             Washington, D.C. 20005
                             (202) 326-4020, ext. 3656