IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PENSION BENEFIT GUARANTY CORPORATION** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case: 1:08-cv-00271-EGS |
| : | |
| **LA SALLE BANK N.A., et al.** : | |
| : | |
| Defendants. : | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants LaSalle Bank N.A. and LaSalle Business Credit, LLC (collectively "LaSalle" or "Defendants"), by counsel, for their Answer to the First Amended Complaint ("Amended Complaint") state as follows:

### First Defense

1. Defendants deny the allegations of paragraph 1 of the Amended Complaint except to admit that Plaintiff Guaranty Corporation seeks to recover alleged statutory liability under 29 U.S.C. § 1362 (a), (b) as a result of the termination of a pension plan sponsored by Arkansas General Industries, Inc. ("AGI") who was an unrelated corporation to whom LaSalle Bank N.A. made a commercial loan, that La Salle Bank N.A. was at a creditor of AGI, not an owner or control group member with AGI, and that Defendants are not responsible for AGI's pension liabilities, which are guaranteed by Plaintiff Guaranty Corporation.

2. Defendants admit the allegations of paragraph 2 of the Amended Complaint.

3. For purposes of this litigation only, Defendants admit the allegations of paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations in paragraph 4 of the Amended Complaint, and further states that Plaintiff Guaranty Corporation collects premiums from pension plan sponsors, including AGI and others, to insure the pension liabilities of AGI and other such pension plan sponsors.

5. Defendants admit that LaSalle Bank N.A. is a national banking association, but otherwise deny the allegations in paragraph 5 of the Amended Complaint.

6. Defendants admit that LaSalle Business Credit, LLC is a Delaware limited liability company, but otherwise deny the allegations in paragraph 6 of the Amended Complaint.

7. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Amended Complaint.

8. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Amended Complaint.

9. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Amended Complaint.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Amended Complaint.

11. Paragraph 11 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation applies to Defendants

and assert that Plaintiff Guaranty Corporation has received premiums in exchange for guaranteeing the liabilities at issue in this lawsuit.

12. Paragraph 12 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation applies to Defendants and assert that Plaintiff Guaranty Corporation has received premiums in exchange for guaranteeing the liabilities at issue in this lawsuit.

13. Paragraph 13 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation applies to Defendants and assert that Plaintiff Guaranty Corporation has received premiums in exchange for guaranteeing the liabilities at issue in this lawsuit.

14. Paragraph 14 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation applies to Defendants and assert that Plaintiff Guaranty Corporation has received premiums in exchange for guaranteeing the liabilities at issue in this lawsuit.

15. Paragraph 15 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation applies to Defendants and assert that Plaintiff Guaranty Corporation has received premiums in exchange for guaranteeing the liabilities at issue in this lawsuit.

16. On information and belief, Defendants admit the allegations in paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations in paragraph 17 of the Amended Complaint.

18. On information and belief, Defendants admit the allegations in paragraph 18 of the Amended Complaint.

19. Defendants admit the allegations in paragraph 19 of the Amended Complaint.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Amended Complaint.

21. Defendants deny the allegations in paragraph 21 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners were willing to transfer the AGI stock to a party who would hold the stock for sale to an anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the GII Owners (who had no known liability to LaSalle Bank N.A.).

22. Defendants deny the allegations in paragraph 22 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners

were willing to transfer the AGI stock to a party who would hold the stock for sale to an anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the GII Owners (who had no known liability to LaSalle Bank N.A.), which transaction was eventually entered into in accordance with the documents pertinent thereto.

23. Defendants deny the allegations in paragraph 23 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners were willing to transfer the AGI stock to a party who would hold the stock for sale to an anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the GII Owners (who had no known liability to LaSalle Bank N.A.), which transaction was eventually entered into in accordance with the documents pertinent thereto.

24. Defendants deny the allegations in paragraph 24 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners were willing to transfer the AGI stock to a party who would hold the stock for sale to an

anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the GII Owners (who had no known liability to LaSalle Bank N.A.), which transaction was eventually entered into in accordance with the documents pertinent thereto.

25.  Defendants deny the allegations in paragraph 25 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners were willing to transfer the AGI stock to a party who would hold the stock for sale to an anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the GII Owners (who had no known liability to LaSalle Bank N.A.), which transaction was eventually entered into in accordance with the documents pertinent thereto.

26.  Defendants deny the allegations in paragraph 26 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners were willing to transfer the AGI stock to a party who would hold the stock for sale to an anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the

GII Owners (who had no known liability to LaSalle Bank N.A.), which transaction was eventually entered into in accordance with the documents pertinent thereto.

27. Defendants deny the allegations in paragraph 27 of the Amended Complaint, except to admit that a) the GII Owners had no personal liability on the loan to LaSalle Bank N.A. or otherwise to Defendants, b) the GII Owners stated that they intended to abandon the GII, which would have destroyed jobs and any hope of recovering on LaSalle Bank N.A.'s loan, c) GII Owners knew that LaSalle Bank N.A. as creditor, wanted the GII business preserved temporarily for sale to an anticipated buyer, and d) in lieu of total abandonment and destruction of the GII business, the GII Owners were willing to transfer the AGI stock to a party who would hold the stock for sale to an anticipated buyer, in exchange for mutual releases between LaSalle Bank N.A. and the GII Owners (who had no known liability to LaSalle Bank N.A.), which transaction was eventually entered into in accordance with the documents pertinent thereto.

28. Paragraph 28 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation is true and further deny that it applies to LaSalle Bank N.A. (who was at all times a creditor) or Defendants generally.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32. Paragraph 32 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation is true and further deny that it applies to LaSalle Bank N.A. (who was at all times a creditor) or Defendants.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36. Defendants admit solely for purposes of this litigation the allegations in paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations in paragraph 38 of the Amended Complaint.

39. Paragraph 39 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation is a complete and accurate statement of the applicable law and further deny that the legal conclusion applies to Defendants.

40. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in paragraph 41 of the Amended Complaint.

42. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 42 of the Amended Complaint.

43. Paragraph 43 of the Amended Complaint states a conclusion of law to which no response is required. Defendants deny that this allegation is a complete and accurate statement of the applicable law and further deny that the legal conclusion applies to Defendants.

44. Defendants deny the allegations in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations in paragraph 45 of the Amended Complaint.

46. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Amended Complaint, but affirmatively state that Defendants have no liability with respect to the retirement plan at issue in this lawsuit.

47. Defendants deny that Plaintiff Guaranty Corporation is entitled to the relief requested or any relief whatsoever.

## Second Defense

On information and belief, plaintiff's claims are barred by the applicable statute of limitations.

## Third Defense

On information and belief, plaintiff's claims are barred by laches and/or estoppel.

## Fourth Defense

On information and belief, plaintiff's claims are barred by discharge in bankruptcy.

**Fifth Defense**

On information and belief, plaintiff's claims are barred by failure of consideration.

Respectfully submitted,

Dated:  May 29, 2008            /s/ Robert Plotkin_____

Robert Plotkin (D.C. Bar No. 160176)
McGuire Woods LLP
Washington Square
1050 Connecticut Avenue, N.W.
Suite 1200
Washington, D.C.  20036-5317
Tel. No. (202) 857-1750
Fax No. (202) 828-2970
rplotkin@mcguirewoods.com

James P. McElligott, Jr.
Regina J. Elbert
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Tel. No. (804) 775-4329
Fax No. (804) 698-21111
jmcelligott@mcguirewoods.com
relbert@mcguirewoods.com

*Counsel for*
*LaSalle Bank N.A.*
*LaSalle Business Credit, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2008, a copy of the foregoing Answer was served via electronic filing to the following:

>ISRAEL GOLDOWITZ
>Chief Counsel
>KAREN L. MORRIS
>Deputy Chief Counsel
>STEPHANIE L. THOMAS
>Assistant Chief Counsel
>MERRILL D. BOONE
>Attorney
>
>PENSION BENEFIT GUARANTY
>  CORPORATION
>Office of the Chief Counsel
>1200 K Street, N.W.
>Washington, DC  20005-4026
>Tel. No. (202) 326-4020, ext. 3656
>Fax No. (202) 326-4112
>Boone.Merrill@pbgc.gov & efile@pbgc.gov
>
>
>/s/ Robert Plotkin____
>Robert Plotkin

\6293919.1