**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PENSION BENEFIT GUARANTY | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 1:08-cv-00271 |
| | ) | |
| LA SALLE BANK N.A., | ) | |
| | ) | |
| LASALLE BUSINESS CREDIT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO OPPOSITION TO MOTION TO STAY PROCEEDINGS**

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") replies to Defendants'

Opposition to Plaintiff's Motion for Stay ("Opposition").

LaSalle's insistence that PBGC cannot even request a stay in a case that the agency filed

fails to recognize the discretion of this Court to grant a stay.[1]  In fact, in *Carter & Tillery*, the

U.S. Court of Appeals for the Ninth Circuit found the district court to have abused its discretion

by denying PBGC a stay, under almost identical circumstances, and ordered a stay to allow the

parties to exhaust under PBGC's regulations.[2]  In doing so, the Ninth Circuit considered and

rejected the argument that LaSalle makes here, that the case should proceed *de novo*.[3]  The

---

[1]     Opposition at 4.

[2]     *Carter & Tillery Enterprises,* 133 F.3d at 1187 ("We believe that a stay of
proceedings would have been a more appropriate resolution and remand for that purpose").

[3]     *Id.* (considering allowing the action to proceed immediately as one of three
options).

Supreme Court and the Court of Appeals for the District of Columbia Circuit, among others, also have stayed actions pending the exhaustion of administrative remedies.[4]

LaSalle also argues that PBGC's lawsuit is a final determination of liability, rendering an appeal to the PBGC Appeals Board futile.[5]  LaSalle cites no support for that argument.  The sole case it cites, a D.C. Circuit case, *Ass'n of Nat. Advertisers, Inc. v. F.T.C.,* holds only that aggrieved parties' *"challenges* to agency action should not be heard until relevant administrative proceedings have been concluded."[6]  It says nothing about suits for enforcement like this one.

Despite LaSalle's attempts to characterize PBGC's initial determination as "final action," PBGC clearly has not completed its decision-making process with regard to employer liability in this case.  PBGC's regulations establish the procedures by which PBGC makes determinations of liability under section 4062(b)(1) of ERISA, 29 U.S.C. § 1362(b)(1), and the procedures for challenging them.[7]  "Any person aggrieved by an initial determination to which this subpart

---

[4]    *See U.S. v. Michigan Nat. Corp.,* 419 U.S. 3-6 (1974) (remand for stay pending Comptroller's decision, which might not be made before deadline for commencing civil action); *Hall v. U.S. Civil Service Commission,* 533 F.2d 695, 698 (D.C. Cir. 1976) (directing district court to retain jurisdiction pending administrative process even in the absence of a statute of limitations issue); *Hayes v. Sec. of Defense,* 515 F.2d 668, 675 (D.C. Cir. 1975) (same).

[5]    Opposition at 6-7.

[6]    *Ass'n of Nat. Advertisers, Inc. v. F.T.C,* 627 F.2d 1151, 1156-57 (D.C. Cir. 1979) *(emphasis added).*

[7]    29 C.F.R. pt. 4003.

applies may file an appeal" to PBGC's Appeals Board within 45 days of the determination.[8]  The Appeals Board's decision constitutes PBGC's "final agency action."[9]

In this case, PBGC's Trusteeship Processing Division 4 made an initial determination of liability and notified LaSalle of the initial determination and LaSalle's appeal rights.[10]  PBGC's initial determination, sent in a letter to the Defendants, is clearly identified as an initial determination subject to the appeals process.[11]  Clearly, under the above rubric, the Appeals Board has the authority to consider LaSalle's appeal.  And the Court of Appeals for the D.C. Circuit has held that the Appeals Board's decision – not the initial determination – is final agency action.[12]

LaSalle finally argues that the Local Rules and the Court's Order of May 30 prevent PBGC's Motion to Stay Proceedings from being heard, because PBGC has not attempted to "narrow" the issues in the Motion.[13]  However, LaSalle's concept of "narrowing" the issues is for PBGC to simply abandon its administrative procedures and capitulate to *de novo* review.[14]

---

[8]     29 C.F.R. § 4003.51-.53.

[9]     29 C.F.R. § 4003.59(b).

[10]    Contrary to LaSalle's assertion, it was Trusteeship Processing Division 4, and not the Office of the Chief Counsel, that made the determination.  *See* Exhibit 2 to the Motion to Stay Proceedings, Statement of Points and Authorities.

[11]    *Id.*

[12]    *Boivin v. U.S. Airways, Inc.,* 446 F.3d 148, 155 (D.C. Cir. 2006).

[13]    Opposition at 7.

[14]    Opposition at 7-8.

During the Rule 26 conference, LaSalle's counsel continued its opposition to a stay and the PBGC appeals process.

The local rules require counsel, before filing a nondispositive motion, to discuss with opposing counsel whether there will be opposition to the relief sought, and if so, whether the disagreement can be narrowed.[15]  As stated previously, counsel for PBGC followed this rule.[16] LaSalle has consistently refused to consider a stay.

For the foregoing reasons, and those stated in Motion to Stay Proceedings, Statement of Points and Authorities, the Motion to Stay Proceedings should be granted.

Respectfully submitted,


Dated: July 14, 2008                     /s/ Merrill D. Boone
                                         ISRAEL GOLDOWITZ
                                         Chief Counsel, D.C. Bar No. 291120
                                         KAREN L. MORRIS
                                         Deputy Chief Counsel, D.C. Bar No. 419786
                                         STEPHANIE L. THOMAS
                                         Assistant Chief Counsel, D.C. Bar No. 440205
                                         MERRILL D. BOONE
                                         Attorney, D.C. Bar No. 431428

                                         PENSION BENEFIT GUARANTY
                                            CORPORATION
                                         Office of the Chief Counsel
                                         1200 K Street, N.W.
                                         Washington, DC 20005-4026
                                         Tel. No. (202) 326-4020, ext. 3656
                                         Fax No. (202) 326-4112
                                         Boone.Merrill@pbgc.gov & efile@pbgc.gov

---

[15]     LCvR 7(m).

[16]     Motion to Stay Proceedings.

4